Zimmerman, acting C. J.
It would seem clear from the record that the appellees were never individually in the Probate Court of Franklin County.
On the hearing before the Probate Court of the application of Jane S. MacLean, administratrix of the estate of John S. MacLean, for an apportionment of the federal and state taxes mentioned above, the Columbus attorney, who participated in the events described, testified that “the only fees I have ever received from the Strattons were those fees way back in 1950 in connection with the working out of the gift transaction between Mr. MacLean and the four children.” He testified further that he had never represented the appellees personally.
*544 As to the representation of the estate of Margaret Stratton, the attorney testified: “I was specifically employed by the Kansas counsel for the estate of Margaret MacLean Stratton to defend her along with the other donees in the declaratory judgment proceeding brought by the administratrix [of the John S. MacLean estate] seeking the return to the estate of the 512 shares of stock here discussed, that being so closely allied with other matters, I continued to assume that I represented the estate of Margaret MacLean Stratton in all the ramifications of that matter and my letters were addressed that way.”
In addition, the attorney testified that he was never specifically engaged as an attorney at law by the estate of Margaret Stratton for the purpose of determining an allocation of either federal estate taxes or state succession taxes in connection with the estate of John S. MacLean.
In these circumstances, did the Probate Court of Franklin County possess jurisdiction to impose personal liability on appellees, nonresidents of Ohio, for the payment of their alleged share of the federal and state taxes paid out of the probate assets of the John S. MacLean estate and growing out of the gift made in 1950? We do not think so. That gift took place when John S. MacLean and Margaret Stratton were still alive and Margaret Stratton was the recipient of her father’s bounty. Margaret Stratton survived her father, and no claim, was ever asserted against her personally or against her estate, which was not closed until 1955, for the payment of the state and federal taxes imposed in connection with the 1950 gift. Any finding that the appellees herein entered their appearances personally or by individual representation in the Probate Court of Franklin County is not supported by the evidence. It is our opinion that the appellees may not be individually charged with the payment of the federal and state taxes asserted against them in an ex parte proceeding. The collection of such taxes would depend on a proper adversary proceeding wherein personal service or voluntary entry of appearance would be required, with the opportunity accorded defendants of asserting any defense they might have.
As has already been remarked, Margaret Stratton was the *545 recipient of the 1950 gift, and the benefit thereof accruing to the appellees personally was derivative. The appearance ol Margaret Stratton and her estate in the regular settlement of the John S. MacLean estate and in the declaratory judgment action involving the 512 shares of stock would hardly operate as an entry of appearance by the appellees herein individually in the separate proceeding to collect from them the estate and succession taxes growing out of the 1950 gift to Margaret Stratton. Here an attempt is being made to fix personal liability on the nonresident appellees, and it is axiomatic that ‘ ‘ there is an entire lack of power in the court to render a valid judgment in personam against a resident of another state, who has neither been summoned nor voluntarily entered his appearance.” Oil Well Supply Co. v. Koen, 64 Ohio St., 422, 429, 60 N. E., 603, 604.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Rad cliff, Taft, Matthias, Bell, Herbert and O’Neill, JJ., concur.
Zimmerman, J., sitting in the place and stead of Weyganot, C. J.
Radcliff, J., of the Fourth Appellate District, sitting by designation in the place and stead of Zimmerman, J.